Whitehead, J.
By the 33d section of the act it is enacted, that when, in any action to be brought by virtue of that act, the defendant shall as a justification plead title to any real estate in himself, or another under whom be acted or entered, such defendant shall commit the said plea to writing, and having signed the same, shall deliver such plea to the said justice, who shall countersign and deliver it to the plaintiff, and thereupon it shall be lawful, &c. By the 34th section it is enacted, that in every trial so to be had in such action, when title is pleaded, the plea so as aforesaid signed by the said defendant, shall be conclusive evidence, that such defendant relied on his title by way of justification.
It was suggested by the defendant’s counsel, that the object of the legislature, in these enactments, was not to restrict the defendant in pleading in this court, to the plea of title pleaded before the justice; but to secure the plaintiff his costs, in case he recovered any sum however small. Thus a defendant having pleaded title below and given bond, may in this court plead the general issue, or set up any other defence; but having ousted the justice of his jurisdiction by his plea of title, if he fail in the action in this court, he and his sureties are liable to the plaintiff for his costs, without reference to the amount of the verdict, upon the ground that he relied upon his title by way of justification. For by the statute, “ the plea so as aforesaid signed by the defendant is conclusive evidence that he relied upon his title.” There is much force in this argument; and I am by no means certain, that such was not the intention of the legislature. This *688 view of the statute would relieve suitors from many of the inconveniences, to which they are subject under the construction heretofore given to it by this court. A different construction however has been given to it, by which we are bound.
I can find no direct adjudication, upon the question now before us; and I am not disposed to add to the existing difficulties, by restricting parties in their pleadings, unless required by the statute or the practice of the court. The statute does not in terms, nor by necessary implication, confine the defendant to the same plea of title filed with the justice. Its provisions are satisfied, if the defendant pleads title to the premises. The reason why the proceedings are removed to this court is, because the issue tendered below is not within the jurisdiction of the justice. The defendant then has his election to put himself upon the general issue, denying the trespass; or to put himself upon his title. By adopting the latter course, the plaintiff has full notice that if he institutes proceedings in this court, an adverse title will be relied upon as a justification. The legislature can hardly be supposed to have intended, that a defendant sued in the Justice’s court, should, in the short time which intervenes between the service and return day of the summons, or the day of trial, be prepared under all circumstances to state in his plea his title to the premises, so as to avail himself of all the advantages to which he might, by a careful preparation under the advice of counsel, entitle himself. I can see that great injustice might result, from establishing a rule of this kind; and I do not see how any injury can arise to plaintiffs, by permitting a defendant to vary his defence, as the defendants have done in this case; for by pleading title before the justice, the plaintiff has notice of the defence which will be relied on in this court.
In my opinion the motion should be denied, but without costs.
Motion denied.
Randolph, J. concurred. Hornblower, O. J., and Nevius J., and Carpenter J. did not hear the argument, and expressed no opinion.
Cited in Campfield v. Johnson, 1 Zab. 84; Hawk v. Seagraves, 5 Vr. 356.